The Honorable Ken Cowling State Representative P.O. Box 295 Ashdown, AR 71822-0295
Dear Representative Cowling:
This is in response to your request for an opinion on several questions regarding A.C.A. § 26-35-601, as amended by Act 1286 of 2001. Your specific questions are as follows:
 Under items (c)(2), when a closing agent, such as a title company, is under dual representation to both the lenders and the seller:
 1) Is the collector permitted to accept payment of the general real estate taxes without regard to the personal taxes?
 2) Is the closing agent exempt from paying the personal taxes by virtue of the representation of the lender(s)?
 3) In the instance of a corporation, partnership, LLC, trust, or other non-personal entity, are the personal taxes of the natural persons comprising the entity required to be current before general taxes of the entity can be accepted?
RESPONSE
It is my opinion, with regard to your first two questions, that the closing agent's dual representation of the lender and seller does not affect the collector's duty to require payment of the seller's delinquent personal property taxes at the time of closing, in accordance with A.C.A. § 26-35-601(c)(3).[1] In my opinion, therefore, the answer questions 1 and 2 is "no." The answer to your third question is "no."
Question 1 — Is the collector permitted to accept payment of thegeneral real estate taxes without regard to the personal taxes?
It is my opinion that the answer to this question is "no." Arkansas Code Annotated § 26-35-601(c)(3) addresses the payment of real property taxes at the time of closing, and provides as follows:
 Notwithstanding the other provisions of this section, a collector shall accept payment of general real estate taxes on a parcel of property at the time the ownership of the property is being transferred if the taxpayer transferring title to the property has paid all delinquent personal property taxes.
Thus, in order for general real estate taxes to be paid at the closing, the seller's delinquent personal property taxes must be paid. Although this does not include current personal property taxes (see Op. Att'y Gen. Nos. 2000-228 and 99-304), it is clear that the collector cannot accept payment of real estate taxes at the time of conveyance unless delinquent personal property taxes are also paid. Accord Op. Att'y Gen.2000-092.
Question 2 — Is the closing agent exempt from paying the personal[property] taxes by virtue of the representation of the lender(s)?
It is my opinion that the answer to this question is "no." As stated above, A.C.A. § 26-35-601(a)(3) governs the payment of real estate taxes at the time of closing. The seller's personal property tax delinquency must be satisfied in order for the collector to accept payment of real estate taxes at the closing. In my opinion, this requirement is not affected by the closing agent's representation of the lender(s).
I recognize that A.C.A. § 26-35-601(a)(2) authorizes a lender to pay real estate tax on property securing a debt owed it regardless of whether the owner of the property is delinquent in paying his personal property taxes. However, it is my opinion that 26-35-602(c)(3) will apply "at the time the ownership of the property is being transferred. . . ." See language above. Accordingly, as explained above, the seller's delinquent personal property taxes must also be paid if the closing agent seeks to pay the real estate taxes at closing.
Question 3 — In the instance of a corporation, partnership, LLC, trust,or other non-personal entity, are the personal taxes of the naturalpersons comprising the entity required to be current before general taxesof the entity can be accepted?
Subsection (a) of § 26-35-601 states as follows:
 All collectors in this state shall be charged with the responsibility of collecting personal property taxes as shown to be due by the taxpayer as reflected by the records in the collector's office at the time the taxpayer pays the general taxes due on real estate. [Emphasis added.]
Thus, in accordance with A.C.A. § 26-35-601(a), taxpayers must pay their personal property taxes before the collector may accept payment of general real estate taxes.[2] Because the taxpayer under your question is the non-personal entity, the only relevant inquiry is the tax obligation of that entity, not any natural person who may be an investor, trustee, or partner. The answer to your specific question, therefore, is "no."
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Act 1286 of 2001 amended § 26-35-601 to add subsection (c)(4), which states that "[f]urther, a purchaser in a foreclosure sale shall not be responsible for the payment of the personal property taxes required to be paid by this section." This new provision does not appear to be relevant to your questions.
[2] See A.C.A. § 26-35-601 (c) (2) — (4) (as amended by Act 1286) for exceptions.